UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | LA CV15-04314 JAK (MRWx) | Date | October 8, 2015 |
|---|---|---|---|
| Title | Orley Melamed v. JPMorgan Chase Bank, N.A., et al. | | |

| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE |
|---|---|
| Andrea Keifer | Not Reported |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) ORDER RE DEFENDANTS' MOTION TO DISMISS THE COMPLAINT (DKT. 11);

PLAINTIFF'S MOTION TO REMAND REMOVED ACTION (DKT. 13);

ORDER TO SHOW CAUSE WHY SANCTIONS IN THE AMOUNT OF $50 SHOULD NOT BE IMPOSED FOR PLAINTIFF'S FAILURE TO APPEAR AT THE SEPTEMBER 21, 2015 HEARING (DKT. 21)

**I.       Introduction**

On May 7, 2015, Orley Melamed ("Plaintiff") filed this action in the Los Angeles Superior Court against JP Morgan Chase Bank, N.A. ("Chase"), Quality Loan Service Corporation ("Quality"), California Reconveyance Company ("CRC") (collectively "Defendants"), and Does 1 through 10. Compl., Dkt. 1-1, Exh. 1. The Complaint advances eight causes of action: (i) Quiet Title; (ii) Breach of Contract; (iii) Accounting; (iv) Declaratory Relief; (v) Cancellation of Instruments; (vi) Violation of California Commercial Code § 3301 and California Business and Professions Code § 17200 *et seq.*; (vii) Fraud; and (viii) Temporary Restraining Order, Preliminary and Permanent Injunction. *Id.*

Chase and CRC removed the action on June 8, 2015, on the basis of diversity jurisdiction. Dkt. 1. Thereafter, they filed a Motion to Dismiss the Complaint. Dkt. 11.[1] Plaintiff did not oppose the Motion to Dismiss, but filed a Motion to Remand on July 16, 2015. Dkt. 13. A hearing on both motions was held on September 21, 2015, at which Plaintiff failed to appear. Dkt. 21. At that time, the motions were taken under submission. *Id.* For the reasons stated in this Order, the Motion to Remand is **DENIED** and the Motion to Dismiss is **GRANTED**, with leave to amend.

---

[1] Although the removal and motion to dismiss were by Chase and CRC, each raises issues that can be dispositive of the liability of all defendants. Therefore, because Plaintiff has had the opportunity to address the operative arguments, they are addressed as to all defendants.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV15-04314 JAK (MRWx) | Date | October 8, 2015 |
|---|---|---|---|
| Title | Orley Melamed v. JPMorgan Chase Bank, N.A., et al. | | |

## II. Factual Background

### A. Loan History

This action arises from a secured loan and subsequent foreclosure of real property located at 15026 Otsego St., Sherman Oaks, CA 91403 (the "Property"). Dkt. 1-1, Exh. 1 at ¶ 12. Plaintiff borrowed $976,000 (the "Loan"), an obligation that was secured by a deed of trust on the Property. Dkt. 11 at 9. The Loan was made on January 25, 2008. *Id.*

The original lender and beneficiary of the deed of trust was Washington Mutual Bank, FA and the trustee was CRC. *Id.* at 10. On September 25, 2008, Chase, National Association and the Federal Deposit Insurance Corporation acquired the assets of Washington Mutual Bank, including promissory notes. *Id.* This acquisition included the Loan. *Id.* The Loan was acquired pursuant to a Purchase and Assumption Agreement. *Id.*

On August 10, 2011, CRC recorded a Notice of Default as to the Loan, in which it was stated that the overdue payments totaled $35,031.93. *Id.*; Dkt 12-4, Exh. 4 at 3. On November 14, 2011, CRC recorded a Notice of Trustee's Sale on the Property. Dkt. 11 at 10. It stated that the total unpaid balance of the Loan was approximately $1,023,703.36, and that the Property would be sold at public auction on December 6, 2011. *Id.*; Dkt. 12-5, Exh. 5 at 3-4. It is not alleged that the Trustee's Sale occurred.

On February 6, 2014, the Deed of Trust associated with the Loan was assigned to Chase. Dkt. 11 at 10. At the same time a substitution of trustee was recorded. *Id.* It provided that "ALAW" was the new trustee. *Id.* On November 17, 2014, ALAW recorded a Notice of Trustee's Sale on the Property. *Id.* It stated that the total unpaid balance of the Loan was approximately $1,180,086.55, and that the Property would be sold at public auction on December 8, 2014. Dkt. 12-9, Exh. 9 at 3. It is not alleged that this Trustee's Sale occurred.

On April 7, 2015, another substitution of trustee was recorded. Dkt. 11 at 10. This time, Quality was identified as the new trustee. *Id.* On April 20, 2015, a Notice of Trustee's Sale was recorded by Quality on the Property. *Id.* It stated that the total unpaid balance on the Loan was $1,211,142.86, and that the Property would be sold at a public auction sale on May 14, 2015. Dkt. 12-11, Exh. 11 at 3. Plaintiff filed this action on May 7, 2015, in the Los Angeles Superior Court, in an effort to bar the sale and to quiet title. Dkt. 1-1. It is not alleged whether this Trustee's Sale occurred.

### B. Plaintiff's Allegations

Plaintiff contends that on or about May 20, 2013, Plaintiff entered into an oral agreement with Chase and Quality, providing that: (i) the Loan would become a fixed rate loan; (ii) Chase and Quality would provide an accounting to Plaintiff upon written demand as to all amounts paid and due under the Loan; (iii) the amount of the monthly payment due under the Loan would not increase; and (iv) Chase and Quality would provide Plaintiff with sufficient, written notice in advance of all actions taken with respect to the Loan. Dkt. 1-1, Exh. 1 at 17.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV15-04314 JAK (MRWx) | Date | October 8, 2015 |
|---|---|---|---|
| Title | Orley Melamed v. JPMorgan Chase Bank, N.A., et al. | | |

Plaintiff alleges that she paid the Loan for approximately six years after it was made, notwithstanding that Defendants did not provide her with an accurate accounting in response to her requests for this information. *Id.* at 13. Specifically, Plaintiff alleges that, on or about June 3, 2014, and July 5, 2014, Plaintiff demanded an accounting by Defendants as to the amounts paid and claimed under the Loan. *Id.* at 17. She alleges that Defendants refused to provide this information. *Id.* Plaintiff also alleges that Defendants never provided Plaintiff with sufficient notice of the Notice of Defaults or Notice of Trustee Sales. *Id.* at 15, 28. She then alleges that, had they done so, Plaintiff would have paid the fees. *Id.* Plaintiff states that she only learned about the scheduled May 14, 2015 public auction by checking the website auction.com. *Id.* at 28. Finally, Plaintiff alleges that the Loan became an adjustable rate note notwithstanding Defendants' promise that it would be a fixed rate mortgage. *Id.* at 19.

Plaintiff also contends that, on or about June 5, 2014, Plaintiff and Chase entered into a written agreement as to the following: (i) Plaintiff would make a reduced monthly mortgage payment or pay a lump sum; and (ii) Chase would grant Plaintiff a loan modification. *Id.* at 17-18. However, Plaintiff alleges that after completing the required six-month payment program, Chase refused to give Plaintiff the loan modification and instead proceeded with nonjudicial foreclosure proceedings. *Id.*

### III.    Procedural Background

In addition to the procedural matters discussed above, on August 31, 2015, a scheduling conference was held in this action. Dkt. 16. Plaintiff failed to appear as required. *Id.* As a result, an Order to Show Cause ("First OSC") why sanctions should not be imposed was issued, and Plaintiff was required to submit a declaration explaining her absence by September 8, 2015. *Id.* Plaintiff failed to comply with that order.

A hearing was held on the First OSC, the Motion to Dismiss and the Motion to Remand on September 21, 2015. Dkt. 21. Once again, Plaintiff failed to appear. *Id.* The Court imposed sanctions in the amount of $50, due to the failure to appear at the prior hearing or to respond to the First OSC. *Id.* This amount was to be paid by October 1, 2015. *Id.* A second Order to Show Cause ("Second OSC") why sanctions should not be imposed for Plaintiff's failure to appear at the September 21 hearing was issued. *Id.* Plaintiff was ordered to submit a declaration explaining her absence by September 30, 2015. *Id.* Plaintiff was also ordered to submit a statement as to the nature of her claims against Quality and CRC in order to facilitate a determination whether either or both are nominal parties in this action. *Id.* Plaintiff failed to submit any of the required filings or pay the required $50 sanctions.

### IV.    Analysis

#### A.    Motion to Remand

##### 1.    Legal Standard

A motion to remand is the procedural tool to challenge the removal of an action. *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009). Generally, a state civil action may be removed only if it

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV15-04314 JAK (MRWx) | Date | October 8, 2015 |
|---|---|---|---|
| Title | Orley Melamed v. JPMorgan Chase Bank, N.A., et al. | | |

could have been brought as a federal action. 28 U.S.C. § 1441(a). Federal courts have diversity jurisdiction in removed actions where the amount in controversy exceeds $75,000 and is between parties who are citizens of different states. 28 U.S.C. §§ 1332, 1441. The removal statute is to be strictly construed; any doubt about removal is to be resolved in favor of remand. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The result of the presumption against removal is that a removing party has the burden of establishing that removal was proper. *Id.* "If a case is improperly removed, the federal court must remand the action because it has no subject-matter jurisdiction to decide the case." *ARCO Envtl. Remediation, LLC v. Dep't of Health & Envtl. Quality of Mont.*, 213 F.3d 1108, 1113 (9th Cir. 2000).

    2.    <u>Timely Removal</u>

A notice of removal of a civil action shall be filed "within 30 days after the receipt by the defendant . . . of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1). Under Fed. R. Civ. P. 6(a)(1)(C), "if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." Here, Plaintiff served Defendant with the Complaint on May 8, 2015. Dkt. 18 at 5. Therefore, the 30-day deadline for removal was on June 7, 2015, which was a Sunday. *Id.* Thus, pursuant to Fed. R. Civ. P. 6, the deadline for removal was June 8, 2015. That is when Defendants removed the action. Dkt. 1.

    3.    <u>Subject Matter Jurisdiction</u>

As noted, there is federal subject matter jurisdiction over cases in which there is complete diversity of citizenship between adverse parties and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). Complete diversity of citizenship is required, i.e., "the citizenship of each plaintiff [must be] different from that of each defendant." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009). The party asserting diversity jurisdiction bears the burden of proof. *Resnik v. La Paz Guest Ranch*, 289 F.2d 814, 819 (9th Cir. 1961).

        a)    Plaintiff's Citizenship

A "natural person's state citizenship is [ ] determined by her state of domicile, not her state of residence. A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). "[T]he determination of an individual's domicile involves a number of factors . . . including: current residence, voting registration and voting practices, location of personal and real property, location of brokerage and bank accounts, location of spouse and family, membership in unions and other organizations, place of employment or business, driver's license and automobile registration, and payment of taxes." *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986). A person's "domicile for purposes of diversity is determined as of the time the lawsuit is filed." *Id.*

Plaintiff did not expressly allege her citizenship in the Complaint. Nor did she provide argument or evidence as to her citizenship in connection with the Motion to Remand. However, the Complaint alleges that the Property is located in California and that Plaintiff has at all times resided in Los Angeles,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV15-04314 JAK (MRWx) | Date | October 8, 2015 |
|---|---|---|---|
| Title | Orley Melamed v. JPMorgan Chase Bank, N.A., et al. | | |

California. Dkt. 1-1, Exh. 1 at 12. Furthermore, Plaintiff sought relief in the form of an order barring the sale of the Property, which is consistent with an intent to remain in California. *Id.* at 28-29. Collectively, there is sufficient evidence to support the inference that Plaintiff was a citizen of California when this action was commenced.

        b)       Citizenship of Chase

Pursuant to 28 U.S.C. § 1348, a national banking association is a citizen of the state in which it is "located." "[A] national bank, for § 1348 purposes, is a citizen of the State in which its main office, as set forth in its articles of association, is located." *Wachovia Bank v. Schmidt*, 546 U.S. 303, 307 (2006). Chase is a national bank whose main office is located in Columbus, Ohio. Dkt. 18 at 4. Under the applicable standards, Chase is a citizen of Ohio.

        c)       Citizenship of CRC and Quality

Plaintiff contends that CRC and Quality each has its principal place of business in California and that each is a California citizen. Dkt 13 at 3, Exhs. B, C. Defendants do not dispute this conclusion, but argue that each is a "nominal" defendant, whose citizenship is not considered for determining whether there is diversity jurisdiction. Dkt. 18 at 2. Although the Motion to Remand argues generally that "[t]he Court has [n]o [j]urisdiction," it makes no response to Defendants' assertion that CRC and Quality each is a nominal party. Dkt. 13 at 2. Because Plaintiff did not appear at the hearing on the Motion to Remand, there was no response on this issue provided. Notwithstanding this lost opportunity, Plaintiff was permitted -- and required -- to respond on this issue through a written filing to be made by September 30, 2015. Dkt. 21. Once again, she failed to do so.

"Nominal party" status is an exception to the complete diversity requirement. "Defendants who are nominal parties with nothing at stake may be disregarded in determining diversity, despite the propriety of their technical joinder." *Strotek Corp. v. Air Transport Ass'n of Am.*, 300 F.3d 1129, 1133 (9th Cir. 2002) (citing *Prudential Real Estate Affiliates, Inc. v. PPR Realty, Inc.*, 204 F.3d 867, 873 (9th Cir. 2000)).

Defendants contend that CRC and Quality each is a nominal party because each is sued only in its capacity as a trustee of the Deed of Trust. Further, CRC and Quality each has submitted evidence as to its nominal status through a declaration made pursuant to Cal. Civ. Code § 2924*l*. Dkt. 18 at 5-6. Plaintiff did not object to either declaration. A party asserting nominal defendant status may file a Declaration of Non-Monetary Status pursuant to § 2924*l* if "the trustee maintains a reasonable belief that it has been named in the action or proceeding solely in its capacity as trustee, and not arising out of any wrongful acts or omissions on its part." Cal. Civ. Code § 2924*l*(a). The opposing party has 15 days to object to the nonmonetary status of the trustee. If no opposition is served, the trustee is not required to participate any further in the action. Cal. Civ. Code § 2924*l*(c)-(d). However, after a party files a Declaration, it "does not actually become a nominal party until 15 days pass without objection." *Silva v. Wells Fargo Bank N.A.*, 2011 WL 2437514, at * 4 (C.D. Cal. June 16, 2011) (quoting *Sun v. Bank of Am. Corp.*, 2010 WL 454720, at *2 (C.D. Cal. Feb. 8, 2010)); *see also Jenkins v. Bank of Am., N.A.*, 2015 WL 331114, at *6 (C.D. Cal. Jan. 26, 2015) (unopposed declaration of non-monetary status makes a party nominal "so long as the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV15-04314 JAK (MRWx) | Date | October 8, 2015 |
| Title | Orley Melamed v. JPMorgan Chase Bank, N.A., et al. | | |

fifteen-day period for objections passed prior to removal of the action to federal court"). "Removing Defendants must show that diversity of citizenship existed *at the time of removal*." *Silva*, 2011 WL 2437514, at *4 (citing *Wise v. Suntrust Mortg., Inc.*, 2011 WL 1466153, at *4 (N.D. Cal. Apr. 18, 2011)).

Here, the Declarations when considered in isolation do not establish that either CRC or Quality is a nominal party. Thus, Quality filed its declaration on June 3, 2015; CRC did so on June 5, 2015. Dkt. 19, Exh. 5. Defendants then removed this action on June 8, 2015, before the 15-day period had passed under the statute. Cal. Civ. Code § 2924*l*(c)-(d). Therefore, at the time of removal, the Declarations were not yet sufficient to show that Quality and CRC should be deemed nominal parties. Additional facts are needed to support this conclusion. *Silva*, 2011 WL 2437514, at *5.

Defendants contend that CRC and Quality is each only a trustee under the pertinent deed of trust. Therefore, each has "a reasonable belief they were named solely in their capacity as trustee." Dkt. 18 at 2. Consistent with this position is the general recognition that the "paradigmatic nominal defendant is a trustee, agent, or depository who is joined purely as a means of facilitating collection." *SEC v. Colello*, 139 F.3d 674, 676 (9th Cir. 1998) (quotations and alterations omitted). However, this does not preclude a non-nominal status where substantive allegations as to its conduct are made that go beyond claims arising from mere ministerial acts. *Perez v. Wells Fargo Bank, N.A.*, 929 F. Supp. 2d 988, 1002 (N.D. Cal. 2013). "Removing Defendants bear the burden of proving a defendant is a nominal party." *Latino v. Wells Fargo Bank, N.A.*, 2011 WL 4928880, at *2 (E.D. Cal. Oct. 17, 2011).

The Complaint here does not clearly make any substantive allegations as to CRC, but it does so as to Quality. Thus, it alleges that Quality breached its duty to provide Plaintiff with an accounting, breached an oral agreement with Plaintiff and engaged in other unspecified deceptive business practices. Dkt. 1-1, Exh. 1 at 13, 17, 24-25. The allegations are not a model of clarity. The Declaration submitted by CRC asserts that CRC was the trustee on the deed of trust associated with the Loan, but that it did not hold this position at the time this action was commenced. Dkt. 1-1, Exh. 3. CRC also states that, during the period that it served as trustee, its role was limited strictly "to those duties set forth in [] the underlying deed of trust." *Id.*

Quality submitted a similar declaration. Dkt. 1-1, Exh. 4. It claims that it has been named as a defendant solely in its capacity as Trustee because "Quality has not been involved in any way with the property which is the subject of this lawsuit outside of its capacity as Trustee, and has no interest in the property, except to be named as the Trustee under the deed of trust encumbering the property by way of Substitution of Trustee." *Id.* at 95. Quality also contends that it has only relied on information supplied by Chase as the holder of the underlying Loan as to the nature and amount of the default by Plaintiff, and that the Complaint "makes no allegations that Quality failed to perform any of its duties as a Trustee." *Id.* at 95-96.

Because the Complaint is vague and imprecise as to these jurisdictional matters, notwithstanding her failure to appear at the hearing on the motions, Plaintiff was permitted as well as ordered to submit a statement as to the arguments advanced by Quality and CRC as to their claimed non-monetary status. Dkt. 21. Plaintiff was also invited to provide greater specificity as to her substantive claims against Quality

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV15-04314 JAK (MRWx) | Date | October 8, 2015 |
|---|---|---|---|
| Title | Orley Melamed v. JPMorgan Chase Bank, N.A., et al. | | |

and CRC. *Id.* Plaintiff failed to respond. Accordingly, the evidence submitted by CRC and Quality is unrebutted and is sufficient to establish that each has a non-monetary status in this action. Therefore, for purposes of analyzing diversity jurisdiction, each has shown that it is a nominal party whose citizenship is not relevant. Furthermore, as nominal parties, CRC and Quality were not required to join in the removal of this action. *United Comput. Sys., Inc. v. AT&T Corp.*, 298 F.3d 756, 762 (9th Cir. 2002).

    d)  Amount in Controversy

Plaintiff argues that the amount in controversy does not meet the $75,000 jurisdictional threshold because her Complaint states "that the damages 'exceed $25,000' (not $75,000)." Dkt. 13 at 3. However, the Complaint also seeks to quiet title to the Property, as well as declaratory and injunctive relief. The Ninth Circuit has established that where a plaintiff seeks to quiet title, the amount in controversy "is the whole of the real estate to which the claim extends." *Chapman v. Deutsche Bank Nat. Trust Co.*, 651 F.3d 1039, 1045 n.2 (9th Cir. 2011) (quoting *Woodside v. Ciceroni*, 93 F. 1, 4 (9th Cir. 1899)). Furthermore, "[i]n actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002) (quoting *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977)). Defendants contend that the amount due under the Loan is approximately $976,000, and the total value of the land and improvements is $1,277,400. Dkt. 18 at 4. Therefore, Defendants have established that the amount in controversy requirement has been satisfied.

    \*        \*       \*

For the foregoing reasons, diversity jurisdiction and timely removal have been shown. Therefore, the Motion to Remand is **DENIED.**

  B.  **Motion to Dismiss**

Defendants argue that all causes of action fail to state facts sufficient to assert a claim for relief. Dkt. 11. Defendants add that their counsel made several attempts to meet and confer with Plaintiff to discuss this issue before the Motion to Dismiss was filed, but were unsuccessful. *Id.* at 3. Thus, counsel left a voicemail "informing Plaintiff of the intent to remove this matter to federal district court and Defendants' plan to bring a motion to dismiss," with no response from Plaintiff. *Id.*

Plaintiff has not opposed the Motion to Dismiss and did not appear at the hearing at which it was considered. This provides an independent basis for granting the motion. Local Rule 7-12. Moreover, the Complaint lacks sufficient specificity. It does not provide a clear statement of the factual bases for its claims. Fed. R. Civ. P. 8(a); *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). Therefore, the Motion to Dismiss is **GRANTED** as to all claims, but without prejudice to the filing of an amended complaint that conforms to these standards as to all claims advanced.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV15-04314 JAK (MRWx) | Date | October 8, 2015 |
|---|---|---|---|
| Title | Orley Melamed v. JPMorgan Chase Bank, N.A., et al. | | |

    **C.**    **Sanctions**

On September 21, 2015, Plaintiff was ordered to pay $50 in sanctions for her failure to appear at the August 31, 2015 scheduling conference. Dkt. 16. Those sanctions remain unpaid. On September 21, 2015, Plaintiff again failed to appear at the scheduled hearing and the Second OSC was issued. Dkt. 21. Plaintiff failed to respond to the Second OSC by the required September 30, 2015 deadline. *Id.* Therefore, an additional $25 in sanctions is imposed. Plaintiff must pay the total amount of sanctions due, i.e., $75, on or before October 22, 2015. A failure to do so may result in the dismissal of this action.

**V.**    **Conclusion**

For the foregoing reasons, Plaintiff's Motion to Remand is **DENIED,** and Defendants' Motion to Dismiss is **GRANTED** without prejudice to the filing of an amended complaint on or before October 29, 2015. A failure timely to file an amended complaint may also result in the dismissal of this action.

**IT IS SO ORDERED.**

 

:

Initials of Preparer    ak